HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Frederick O. Silver,

    Plaintiff,

v.

Heather Dystrup-Chiang *et al.*,

    Defendants.

Case No. 2:20-cv-01339-RAJ

**ORDER**

## I. INTRODUCTION

Three motions are before the Court: Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. # 17), Plaintiff's Motion for Sanction (Dkt. # 28), and Plaintiff's Second Demand for Sanction & Motion to Compel (Dkt. # 30). Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's motions for sanctions are **DENIED**.

## II. DISCUSSION

The Court begins with Defendants' motion to dismiss and then turns to Plaintiff's motions for sanctions.

ORDER – 1

A.     **Motion to Dismiss (Dkt. # 17)**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but it demands more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

To assess the sufficiency of a complaint under Rule 8, a court considers two principles. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). First, "to be entitled to the presumption of truth," allegations "may not simply recite the elements of a cause of action"; they must contain "underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* A court need not take as true "legal conclusions": "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Second, factual allegations must be taken as true and must "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216. This ensures that it "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Mr. Silver's complaint plainly fails under Rule 8. It is nothing short of a "threadbare recital," or "formulaic recitation," of the elements of an unfair debt collection cause of action. *Iqbal*, 556 U.S. at 678.

Mr. Silver asserts four claims: violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of Texas's debt collection laws, invasion of privacy, and "unreasonable collection efforts." Dkt. # 11 ¶¶ 23-36. His complaint contains no factual allegations. Its only allegations are legal conclusions, presumably designed to meet the elements of each claim. For example, Mr. Silver's first allegation under the complaint's "Statements of Facts" appears to regurgitate elements of the FDCPA. 15 U.S.C.

ORDER – 2

§ 1692a(5) defines "debt" as an obligation "to pay money arising out of a transaction in which the money . . . [is] primarily for personal, family, or household purposes." Mr. Silver's first allegation mirrors the statute but contains no underlying facts:

> It was alleged that *at some time or some point*, in a letter received from defendants, Plaintiff, FREDERICK O. SILVER, allegedly incurred a Financial *obligation that was primarily for Personal, Family, or household purposes and is therefore a Debt*, as that term is defined by the FDCPA, 15 U.S. Code § 1692 a (5).and Texas Fair Debt Collection Practices Act § 392 et seq

Dkt. # 11 ¶ 15 (emphasis added).

The remaining allegations are more of the same: legal conclusions apparently designed to recite the elements of his claims. *See, e.g.*, Dkt. # 11 ¶ 18 ("Defendant's [sic] without any prior written Consent by the plaintiff in regard to Communication in connection with debt collection *as defined* [sic] *15 U.S. Code § 1692c (3)* started collections of said Debt . . . ." (emphasis added)), *id.* ¶ 28 ("The act(s) and omissions(s) [sic] of [Defendants] violated Tex. Fin. Code § 392.304(a)(4) & (5) & (8) & (14) & (19).").

Were the Court to set aside legal conclusions, no allegation would remain. Pleading this way prevents the Court from measuring the sufficiency of Mr. Silver's individual claims, given that there are no factual allegations remaining. Pleading this way also deprives Defendants of the opportunity to meaningfully respond. The Court agrees with Defendants that these "vague" and "confusing" allegations "fail to provide notice of what any of the defendants allegedly did and prevents them from discerning the viability of potentially relevant affirmative defenses." Dkt. # 17 at 5. Indeed, the allegations are so "sparse and unintelligible" that it is difficult for Defendants to "even determine [their] relationship with Plaintiff (if any)." *Id.*

The Court concludes that Mr. Silver's complaint fails under Rule 8. The Court **GRANTS** Defendants' motion to dismiss (Dkt. # 17) and **DISMISSES** the complaint

ORDER – 3

with leave to amend.

### B.  Motions for Sanctions (Dkt. ## 28, 30)

Federal Rule of Civil Procedure 7.1 requires a "nongovernmental corporate party" to file a "disclosure statement." Fed. R. Civ. P. 7.1. The statement must either identify a parent corporation or a publicly held corporation "owning 10% or more of [the party]'s stock" or "state that there is no such corporation." *Id.* Local Rule 7.1 of the Western District of Washington imposes additional disclosure obligations. Local Rules W.D. Wash. LCR 7.1(a). For example, among other things, it requires nongovernmental parties to disclose membership or ownership in joint ventures, limited liability corporations, partnerships, and limited liability partnerships. *Id.* 7.1(a)(2)-(3). Local Rule 7.1, however, does not apply to "individual[s]" or "sole proprietorships." *Id.* 7.1(a).

Previously, Mr. Silver moved for sanctions against Defendants' counsel for failing to comply with Local Rule 7.1. Dkt. # 21. At the time, Defendants' counsel had not filed a corporate disclosure statement for Defendant Prime Now LLC ("Prime Now"), a nongovernmental corporate party. *Id.* The next day, Prime Now filed a disclosure statement, Dkt. # 22, and the Court denied Mr. Silver's motion for sanctions as moot, Dkt. # 23.

Since then, Mr. Silver has filed two more motions for sanctions. Dkt. ## 28, 30. Both motions fail. Like his previous motion, Mr. Silver argues that Defendants' counsel should be sanctioned for their failure to comply with Local Rule 7.1. One motion argues that counsel has failed to comply because they have not filed a corporate disclosure statement for individual defendants, Heather Dystrup-Chiang, Scott Lescher, and Michael Huffaker. Dkt. # 28. This motion fails because, by its own terms, Local Rule 7.1 does not apply to "individual[s]." Local Rules W.D. Wash. LCR 7.1(a). Thus, counsel did not need to file a corporate disclosure statement for those individual defendants. Mr. Silver's second motion argues that Defendants' counsel "may not file their disclosure statements under seal." Dkt. # 30. The motion fails because Prime Now's corporate disclosure

ORDER – 4

statement is not filed under seal; it is, and always has been, available to the public. Dkt. # 22.  Thus, the Court **DENIES** both of Mr. Silver's motions for sanctions (Dkt. ## 28, 30).

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. # 17) and **DENIES** both Plaintiff's Motion for Sanction (Dkt. # 28) and Plaintiff's Second Demand for Sanction & Motion to Compel (Dkt. # 30).  The Court grants Mr. Silver leave to file an amended complaint **within thirty days** of the entry of this Order.

DATED this 17th day of September, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5