HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK O. SILVER,

    Plaintiff,

    v.

HEATHER DYSTRUP-CHIANG, SCOTT LESCHER, MICHAEL HUFFAKER, PRIME NOW LLC,

    Defendants.

Case No. 2:20-cv-01339-RAJ

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Seconded Amended Complaint and for a Vexatious Litigant Order. Dkt. # 50. Plaintiff did not file a response. For the reasons below, Defendants' motion to dismiss is **GRANTED**.

## II. DISCUSSION

On September 8, 2020, Plaintiff Frederick O. Silver ("Plaintiff"), proceeding *pro se*, initiated this lawsuit against Defendants Heather Dystrup-Chiang, Scott Lescher, Michael Huffaker, and Prime Now LLC (collectively, "Defendants") under the Fair Debt Collection Practices Act. Dkt. # 49. Plaintiff subsequently amended his complaint, Dkt. # 11, and Defendants moved to dismiss it. Dkt. # 17. On September 17, 2021, the Court granted Defendants' motion and dismissed the claims, finding that Plaintiff's First

ORDER – 1

Amended Complaint contained no factual allegations as required under Federal Rule of Civil Procedure 8(a).  Dkt. # 48.  Several days later, Plaintiff filed a Second Amended Complaint alleging facts related to the debt at issue.  Dkt. # 49.

Defendants again moved to dismiss the claims and also requested a vexatious litigant order requiring Plaintiff to obtain approval from the Court before filing any new claims against Defendants.  Dkt. # 50.  Plaintiff did not timely respond to the motion.  After Defendants filed a reply noting Plaintiff's failure to respond, Plaintiff filed a one-page statement noting that the Court "has not instructed [him] to file a response to the [m]otion to dismiss."  Dkt. # 52 at 1.  Under Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rules W.D. Wash. 7(b)(2).  Nevertheless, the Court prefers to address the merits of the case in reaching a judgment.

The Court will address Defendants' motion to dismiss and request for a vexatious litigant order in turn.

**A.  Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim.  The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  The complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the Second Amended Complaint, Plaintiff alleges that he was contracted to

ORDER – 2

"perform labor functions" as a Prime Fresh Associate at a compensation rate of $15 per hour. Dkt. # 49 ¶ 11. Plaintiff alleges that Defendants deducted a total of $417.81 from his paycheck over two pay periods. *Id.* ¶¶ 12-13. After contacting Defendants' payroll/human resources department to inquire about the deduction, Plaintiff was informed that Defendants were collecting a debt on behalf of third-party collector Clark County Nevada. *Id.* ¶ 14. Plaintiff identified the debt as a child support debt. *Id.* ¶ 16.

Based on these facts, Plaintiff alleges four claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Texas Finance Code, or specifically, the Texas Debt Collection Practices Act; (3) invasion of privacy; and (4) "unreasonable collection efforts." *Id.* ¶¶ 19–31.

In considering a claim under the FDCPA, a court must first determine "whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004). Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Although the statute does not define "transaction," it has been widely interpreted by courts as limited "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997).

Based on this interpretation, courts have held that an obligation to pay child support does not constitute a "debt" under the FDCPA. *See e.g. Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (holding that "child support obligations . . . do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services"); *Campbell v. Baldwin*, 90 F. Supp. 2d 754, 757 (E.D. Tex. 2000) (noting that "courts have been unanimous in holding that child support payments are not

ORDER – 3

a 'debt' covered by the [FDCPA]"); *Battye v. Child Support Servs., Inc.*, 873 F. Supp. 103, 105 (N.D. Ill. 1994) (holding that the child support obligations do not constitute 'debt' under the FDCPA because they "were not incurred as a 'consumer,' nor do they arise out of a 'transaction' in which [the plaintiff] obtained credit in order to pay for personal goods or services"); *Brown v. Child Support Advocs.*, 878 F. Supp. 1451, 1454 (D. Utah 1994) (holding that "child support payments are not "debts" within the meaning of the [FDCPA]"). Because Plaintiff's debt is based on his child support obligations, his claim for protection under the FDCPA fails.

His claim under the Texas Debt Collection Practices Act ("TDCPA") fails for the same reason. Similar to the limitations of the FDCPA, the TDCPA provides a narrow definition of "consumer debt" as "an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Matzen v. McLane*, 604 S.W.3d 91, 106–07 (Tex. App. 2020). A "consumer" is defined as a "claimant [who] sought or acquired goods or services by purchase or lease, and those goods or services must form the basis of the complaint." *Id.* at 106. Because a child support obligation does not arise from a transaction involving the purchase or lease of goods or service, Plaintiff's claim does not fall within the ambit of the TDCPA. This claim therefore fails.

With respect to Plaintiff's claim of invasion of privacy, the Court finds that Plaintiff has not pleaded factual allegations to plausibly support such a claim. Plaintiff asserts that Defendants "[i]ntentionally intruded on Plaintiff's solitude, seclusion, or Private affairs, and as such intrusion [sic] would be highly offensive to a reasonable person or a Consumer as defined [by the FDCPA]." This conclusory statement provides no facts to support a claim. Dkt. # 49 ¶ 27. Similarly, Plaintiff fails to allege any facts to support his claim for "unreasonable collection efforts." Indeed, Plaintiff merely states that Defendants deducted child support from two paychecks. He asserts no facts as to the "unreasonability" of the collection efforts, nor does he plausibly allege that the child

ORDER – 4

support was wrongly deducted.

For the foregoing reasons, the Court **DISMISSES** all of Plaintiffs' claims. Because the complaint "could not possibly be cured by the allegation of other facts," the Court **GRANTS** the motion to dismiss with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Motion for Vexatious Litigant Order**

Defendants next move the Court to declare Plaintiff a vexatious litigant and enter an order requiring Plaintiff to obtain leave from the Court before filing any new claims against Defendants. Dkt. # 50 at 10. Defendants point to three prior actions filed by Plaintiff—asserting similar claims based on Plaintiff's child support obligations in district courts in Texas and Nevada—in support of their motion. Dkt. # 50 at 6-7. As described below, each of the actions was found to be meritless and all claims were dismissed.

In *Silver v. Toyota Motor Manufacturing, Texas, Inc.*, Plaintiff had alleged that the defendant, his prior employer, had been improperly deducting unauthorized amounts in violation of the Fair Labor Standards Act, the Texas Labor Code, and the Employee Retirement Income Security Act. No. SA-19-MC-01397-DAE, 2020 WL 734481 *2 (W.D. Tex. Feb. 13, 2020). The court concluded that the claims had no merit, finding no legal basis for Plaintiff to challenge his deductions, which included income-tax deductions, child support payments and related wage garnishment fees. *Id.* The court also noted Plaintiff's litigious history and prior classification as a vexatious litigant:

> On April 18, 2019, Plaintiff was enjoined from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas without first seeking leave and obtaining permission from a district judge in this district. *Silver v. Bemporad*, No. 5:19-cv-284-XR [#15]. This Court entered the prefiling injunction upon the classification of Plaintiff as a vexatious litigant, noting that he has filed numerous cases in the past few years, all of which have been dismissed at the pleadings stage and that, in each case, Plaintiff engaged in frivolous motion practice. *Id.* Plaintiff was warned that further frivolous filings or motions could result in the imposition of monetary sanctions. *Id.* Plaintiff has

ORDER – 5

attempted to file a number of additional lawsuits since the imposition of the injunction.

*Id.* at *1.

In *Silver v. Clark County Nevada*, Plaintiff alleged that the defendants, including a county judge, district attorney, and family court hearing master, had violated his rights by forcing him to pay child support. No. 220CV00682GMNVCF, 2020 WL 2199611, at *2 (D. Nev. May 6, 2020). The court dismissed the complaint and entered an order deeming Plaintiff a vexatious litigant who could not file any additional actions in the District of Nevada without first seeking leave of the court. *Id.* at *5. The court noted that the action before it was "not the first time [Plaintiff] has filed a frivolous lawsuit that this Court dismissed regarding his child support obligations against many of the same defendants." *Id.* Indeed, the court explained, Plaintiff "has a history of filing pro se vexatious and duplicative lawsuits. [Plaintiff] does not have a good faith motive in pursuing frivolous litigation and he has abused the judicial process by filing lawsuits that he knows will be dismissed." *Id.* at *4.

In *Silver v. Clark County, Nevada*, a different case filed in the same court, Plaintiff asserted the same claims as those before this Court: violations of the FDCPA, the Texas Finance Code, and "unreasonable collection efforts" based on defendants' collection of child support debt. No. 219CV00032APGBNW, 2021 WL 3671183, at *1 (D. Nev. Aug. 17, 2021). In its order dismissing Plaintiff's claims, the court noted that Plaintiff "has been told previously in another case in this district asserting similar claims [that] a child support order is not a 'debt' within the FDCPA's meaning." *Id.* at *2.

With respect to the action before this Court, Plaintiff has filed numerous motions, including three separate motions seeking sanctions from Defendants and their counsel, Dkt. ## 21, 28, & 30, a motion requesting recusal from the undersigned, Dkt. # 35, and a motion seeking to depose Defendants' counsel and have them served subpoenas by U.S. Marshal. Dkt. # 42. The Court denied all motions for sanctions. The Chief Judge denied the motion for recusal, concluding that Plaintiff failed to provide "any reasonable basis"

ORDER – 6

for recusal.  Dkt. # 46 at 2.

District courts have "the inherent power to enter pre-filing orders against vexatious litigants."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)).  The Ninth Circuit has outlined four factors for district courts to consider before entering pre-filing orders: (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the district court must compile "an adequate record for review"; (3) the district court "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and (4) a vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."  *Id.*  Having considered each factor, the Court deems Plaintiff a vexatious litigant and orders that he may not file any additional motions, pleadings, or materials against Defendants without leave of the Court.

First, the Court finds that Plaintiff had "fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him" because he received Defendants' motion requesting as much.  *Id.* at 1059; Dkt. ## 50, 52.  Plaintiff had the opportunity to oppose[1] the motion but chose not to do so.  Second, the Court's discussion of Plaintiff's prior duplicative filings in other courts asserting the same claims despite repeat dismissals provides an adequate record for review.  Third, Plaintiff's litigation includes more than ten frivolous lawsuits filed across three districts courts asserting similar claims.  Plaintiff has filed duplicative, baseless motions in the action before this Court.  For these reasons, the Court finds that Plaintiff has engaged in frivolous and harassing motions practice.  Fourth, the Court's order is narrowly tailored to address Plaintiff's demonstrated pattern of filing of duplicative, frivolous actions.  He

---

[1] The Court need not conduct an oral hearing to provide Plaintiff a chance to be heard." *See Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue . . . [and that] [t]he opportunity to brief the issue fully satisfies due process requirements").

ORDER – 7

is not barred from seeking relief from this Court; he is only barred from wasting judicial resources by filing frivolous, duplicative, and harassing pleadings.

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice. Dkt. # 50.  The Court **GRANTS** Defendants' request for entry of a vexatious litigant order.  *Id.*  It is hereby **ORDERED** that Plaintiff Frederick O. Silver may not file any additional pleadings, motions, or other materials against Defendants Heather Dystrup-Chiang, Scott Lescher, Michael Huffaker, and Prime Now LLC, or any corporate parent, subsidiary, or affiliate of Prime Now LLC without permission of the Court.  All other pending motions are **DENIED** as moot.  Dkt. ## 39, 42.

DATED this 11th day of March, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 8